**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE DANIEL AVILA-MEDRANO, | No. 05-76971 |
| Petitioner, | Agency No. A079-219-934 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2010[**]
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN, District Judge.[***]

Petitioner Jose Daniel Avila-Medrano seeks review of a Final

Administrative Removal Order issued by the Department of Homeland Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Judge Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

("the Department") on December 1, 2005. On February 11, 2004, the Department initiated expedited removal proceedings against Avila under 8 U.S.C. § 1228(b), finding that he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony offense in Arizona.

Although we do not have jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)," 8 U.S.C. § 1252(a)(2)(C), we do have jurisdiction over "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D). In his opening brief, Avila did not contest that his conviction under Ariz. Rev. Stat. Ann. §§ 13-1203(A)(2) and 13-1204(A)(2) qualified as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) He has therefore waived this argument, and we do not consider it on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Avila argues that the Department's discretion to place some aggravated felons in expedited removal proceedings under 8 U.S.C. § 1228(b) and other aggravated felons in general removal proceedings under 8 U.S.C. § 1229a violates his Fifth Amendment right to equal protection. This argument is foreclosed by *United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008), in which we

held, "a rational basis exists for granting the Attorney General discretion to place some non-[lawful permanent resident] aggravated felons into expedited removal proceedings and others into potentially more lenient general removal proceedings. . . . [T]he decision of Congress was . . . a rational first step towards the legitimate goal of rapidly removing criminal aliens. We therefore conclude that 8 U.S.C. § 1228(b)(1) does not violate equal protection." *Id.* at 1107-08 (citations omitted).

Likewise, "the agency's failure to advise [Avila] of discretionary relief that he was statutorily barred from obtaining neither violated his due process rights, nor was it prejudicial." *Id.* at 1108.

AFFIRMED.